UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERMAN SANTOS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. H-10-cv-2674 |
| | § | |
| NATIONWIDE PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY and MATTHEW D. | § | |
| LATHAM, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

The instant litigation arises out of the defendants' alleged failure to pay the full proceeds of the plaintiffs' homeowners' insurance policy and their alleged wrongful denial of the plaintiff's insurance claim filed after Hurricane Ike.  Specifically, the plaintiffs, German and Amelia Santos (the "plaintiffs"), filed suit against the defendants, Nationwide Property and Casualty Insurance Company ("Nationwide") and Matthew D. Latham ("Latham") (collectively, "the defendants"), on June 25, 2010, in the 11th Judicial District Court of Harris County, Texas, alleging claims for breach of contract, non-compliance with the unfair settlement practices and prompt payment provisions of the Texas Insurance Code, breach of the duty of good faith and fair dealing, common law fraud and conspiracy to commit fraud.  On June 28, 2010, the defendants timely removed the state-court action to this Court.  (*See* Docket Entry No. 1).

Pending before the Court is the defendants' motion for partial dismissal under Rules 8 and 9 of the Federal Rules of Civil Procedure.  (Docket Entry No. 2)  In their motion, the defendants insist that the plaintiffs "rest [their] causes of action on factual allegations that are

pleaded in only the most vague generalities and formulaic recitations of statutory language." (*Id.* at 1.) As such, they contend that the "[p]laintiffs' allegations are precisely the sort of '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements that 'do not suffice' under the federal rules." (*Id.* at 1.) With regard to the plaintiffs' fraud causes of action, the defendants argue that the plaintiffs allegations "come nowhere close to the particularity required for such claims under Rule 9(b)." (*Id.*) The plaintiffs have filed a response in opposition to the defendants' motion and request leave to amend their complaint should this Court determine that their claims have not been plead in accordance with applicable rules. (Docket Entry No. 8). The defendants, in turn, have filed a reply reurging their grounds for dismissal. (Docket Entry No. 9). After having carefully considered the pleadings and the applicable law, the Court determines that the defendants' motion for partial dismissal should be GRANTED in part and DENIED in part.

## II. DEFENDANTS' MOTION TO DISMISS UNDER RULE 9(b)[1]

The defendants move to dismiss the plaintiffs' statutory violations and claims for fraud, alleging that the plaintiffs' allegations fall short of Rule 9(b)'s particularity requirement. A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)). Rule 9(b) specifically states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be

---

[1] As a threshold matter, the plaintiffs argue that the defendants' motion for partial dismissal is procedurally defective pursuant to S.D. Tex. LR 7.1, because it does not contain an averment that the defendants conferred with plaintiffs concerning the disposition of their motion prior to filing their motion. (*See* Docket Entry No. 8 at p. 7.) The Court finds the plaintiff's argument in this regard meritless in light of the specific language contained in LR 7.1, expressly excluding the type of motion now before the Court.

alleged generally." Fed. R. Civ. P. 9(b). The particularity required for such pleading, however, varies from case to case. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003). The Fifth Circuit has reasoned that "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs.*, 343 F.3d at 724 (citing *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotation marks and citation omitted)); *see also Southland § Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004). More precisely, Rule 9(b)'s particularity requirement compels that "the who, what, when, where, and how [] be laid out." *Benchmark Elecs.*, 343 F.3d at 724 (citing *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 179 (5th Cir. 1997)). "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to [Rule 9(b)'s] requirements." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp.2d 734, 742 (S.D. Tex. 1998); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (noting that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.")

In light of the consequences associated with a dismissal on the pleadings and the preference towards adjudicating a case on the merits, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plaints Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). A district court might, nevertheless, "deny

leave to amend a pleading if [it] determines that 'the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face. . . .'" *Lehman Bros. Holdings, Inc. v. Cornerstone Mortg. Co.*, No. H-09-0672, 2009 WL 2900740, * 5 (S.D. Tex. Aug. 31, 2009) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990) (footnote omitted) (other citation and quotation omitted)).

In the case *sub judice*, the plaintiffs' allegations of fraud, conspiracy to commit fraud and unfair settlement practices under Chapter 541 of the Texas Insurance Code premised on the defendants' alleged fraudulent conduct and/or deceptive acts are insufficient to satisfy Rule 9(b)'s particularity requirement. Although the plaintiffs insist in their response that the majority of their fraud allegations comprise fraud by conduct such that the "who" and "what" elements of the alleged misrepresentations cannot be distilled, their Original Petition, nevertheless, specifically alleges that the defendants made certain fraudulent representations of material facts and/or knowingly concealed certain material information. (*See* Docket Entry Nos. 1, ¶¶ 18, 27, 32, 37, 38, 39). With regard to these allegations, the plaintiffs have failed to set forth facts explaining "the who, what, when, where and how" relative to the defendants' alleged fraudulent behavior. Therefore, the defendants' motion to dismiss the plaintiffs' claims of fraud, conspiracy to commit fraud, and unfair settlement practices under Chapter 541 of the Texas Insurance Code premised on the defendants' alleged fraudulent conduct and/or deceptive acts for failure to comply with Rule 9(b) is granted. The plaintiffs, however, are hereby granted leave to amend their complaint to include allegations sufficient with Rule 9(b)'s requirements by **November 21, 2010**.

### III.     DEFENDANTS' MOTION TO DISMISS UNDER RULE 8

The defendants also seek dismissal of the plaintiffs' claims under Rule 8. The sufficiency of a complainant's pleading under Rule 8 may also be challenged pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, No. 05-30976, 2006 WL 2870972, at * 2 (5th Cir. Oct. 9, 2006) (citing Wright & Miller, *supra*, § 1203 (3d ed. 2004) ("[T]he form and sufficiency of a statement of a claim for relief under Rule 8(a)(2) may be tested by a motion to dismiss for failure to state a claim upon which relief can be granted, Rule 12(b)(6) . . . .")). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a)(2)'s requirement, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007)). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)). Rather, in order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ---U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, ---U.S. ----, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).

Here, the plaintiffs allege in their petition that their roof sustained extensive damage as a result of Hurricane Ike, which in turn caused water damage throughout their home. They also allege that Latham, the adjuster assigned to their claim, performed an inadequate and less than thorough inspection and provided an estimate that was insufficient to cover their necessary repairs; that Nationwide wrongfully denied their claim for repairs; that Nationwide underpaid other claims; that Nationwide delayed in affirming or denying coverage and in rendering payment with respect to their claim; and that Nationwide and Latham failed to attempt a settlement of their claim and failed to explain to them their reasons for failing to do so. Their petition further delineates those allegations that are based on Latham's conduct, those that are alleged against both defendants and those that apply solely to Nationwide. At this juncture, when taking these allegations as true and resolving them in the light most favorable the plaintiffs, this Court finds that the plaintiffs' allegations constitute "more than labels and conclusions" and are sufficient to give the defendants "fair notice" of what their claims are and the grounds upon which they rest. Accordingly, the defendants' motion to dismiss the plaintiffs' claims for failure to comply with Rule 8 is denied.

## IV. CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motion for partial dismissal is GRANTED with respect to the plaintiffs' claims of fraud, conspiracy to commit fraud, and unfair settlement practices under Chapter 541 of the Texas Insurance Code premised on the defendants' alleged fraudulent conduct and/or deceptive acts; and DENIED with regard to

the plaintiffs' remaining claims. The plaintiffs are, nonetheless, granted leave to amend their pleading to include allegations sufficient with Rule 9(b)'s requirements by **November 21**, **2010**.

It is so **ORDERED**.

SIGNED at Houston, Texas this 21st day of October, 2010.

_____
Kenneth M. Hoyt
United States District Judge